◼ In the Matter of JOHN H. PARK, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [635 NYS2d 353] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78

(initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which, *inter alia*, restricted petitioner from performing surgery.

Petitioner, an ophthalmologist, was charged with 15 specifications of professional misconduct. Following a hearing held by a committee of the State Board for Professional Medical Conduct, the Hearing Committee found petitioner guilty of incompetence in the care he had provided to patients B, C and D. In particular, the Hearing Committee determined that petitioner had improperly diagnosed a cataract in patient B's eye, had performed an "A Scan" on patient C without medical justification, and had inappropriately treated patient D's inflammatory condition by failing to refer him to a specialist or perform a culture to determine the nature of the inflammation. The Hearing Committee ordered that petitioner's license to practice medicine be suspended for a period of three years, with the suspension stayed and petitioner placed on probation for the entire period. As a condition of probation, petitioner was to undergo evaluation and, if appropriate, retraining in the Physician's Prescribed Educational Program.

The Office of Professional Medical Conduct (hereinafter OPMC) and petitioner each appealed to the Administrative Review Board for Professional Medical Conduct (hereinafter the ARB), which affirmed the Hearing Committee's determination except as to the penalty. As for the penalty, the ARB—which found that the sanctions imposed by the Hearing Committee were insufficient to protect the public, and to deter other professionals from withholding records necessary for an investigation (as *occurred here*)—permanently prohibited petitioner from performing surgery, modified the conditions of probation and imposed a $10,000 fine for the records violation. Petitioner then commenced this proceeding seeking annulment of the ARB's determination.

The bulk of petitioner's contentions merit little comment. The error petitioner was found to have committed with respect to his treatment of patient D was not, as petitioner contends, materially different from the conduct alleged in the charge, which was patently sufficient to place petitioner on notice of the conduct at issue and to permit the preparation of a defense (*see, Matter of Block v Ambach*, 73 NY2d 323, 333; *Matter of Langhorne v Jackson*, 213 AD2d 909). The language of the charge adequately conveys that the misconduct at issue relates not to whether patient D actually had an infection on the date in question, but to the appropriateness of petitioner's treat-

ment, in view of what he was able to ascertain about the patient's condition at the time, given the symptoms presented. Equally unpersuasive is petitioner's assertion that the language used by the ARB, in explaining its decision to uphold the Hearing Committee's determination on this charge, demonstrates that the charge was sustained on an improper basis.

We also reject petitioner's contention that the record does not justify the findings of misconduct. While the opinions of petitioner's experts differed in some respects from those of OPMC's witnesses, the discrepancies simply raised credibility questions, which are beyond the scope of our review (*see, e.g., Matter of Chua v Chassin*, 215 AD2d 953, 954-955, *lv denied* 86 NY2d 708). On this record, it cannot be said that the ARB's decision to sustain the Hearing Committee's findings is arbitrary, capricious, without a rational basis or unsupported by fact (*see, supra; Matter of Moss v Chassin*, 209 AD2d 889, 891, *lv denied* 85 NY2d 805, *cert denied* — US —, 116 S Ct 170).

One of petitioner's arguments bearing on the unreasonableness of the penalty does, however, have force. While we find nothing shocking with respect to the monetary sanction imposed in connection with the records charge, the record does not support the ARB's decision to prohibit petitioner from performing surgery (*see, Matter of Krasowski v State Educ. Dept.*, 132 AD2d 120, 123, *appeal dismissed* 71 NY2d 890; *cf., Matter of Colvin v Chassin*, 214 AD2d 854, 855-856). Notably, petitioner was exonerated of all of the charges involving allegations that he recommended, scheduled or performed unnecessary surgery, or that he improperly operated on a patient's better eye (preferred practice being to operate on the eye with worse vision first). His shortcomings were found not to rise to the level of gross incompetence, nor to constitute negligence or gross negligence, and none of the charges eventually sustained in this case was in any way related to the recommendation of, or performance of, surgery (*compare, Matter of Park v Board of Regents*, 222 AD2d 946 [decided herewith]). While the ARB purportedly based imposition of this part of the penalty on the fact that petitioner wrongly diagnosed "a condition, cataract, that requires surgery" in patient B—implying that petitioner's actions would have been likely to result in that patient undergoing unnecessary surgery—the record evidence furnishes no basis for this assumption. Indeed, the expert testimony established that there are many cataracts, including those categorized as "minimal" or even "moderate", for which surgery is not considered. More importantly, petitioner was

not charged with having suggested surgery for patient B, and the Hearing Committee exonerated him of a similar charge with respect to patient C.

Accordingly, that portion of the determination barring petitioner from performing surgery is hereby annulled, and the matter is remitted to the ARB for further consideration of an appropriate penalty.

Mercure, J. P., Crew III, White and Casey, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as prohibited petitioner from performing surgery, including laser procedures; matter remitted to respondents for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.