■ In the Matter of PETER P. PISNANONT, Petitioner, v NEW YORK STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT et al., Respondents. [697 NYS2d 724] —Mugglin, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical

Conduct which revoked petitioner's license to practice medicine in New York.

Respondent Administrative Review Board for Professional Medical Conduct (hereinafter the ARB) sustained the findings, determination and penalty of a Hearing Committee of the State Board for Professional Medical Conduct (hereinafter the Committee) which found that petitioner committed professional misconduct as defined in Education Law § 6530 (8) and (29). We confirm the determination of the ARB.

In June 1993, respondent State Board for Professional Medical Conduct suspended petitioner's medical license for one year after determining that he had forged signatures in conjunction with a job application and had falsified letters of prescription intended for his own use. The Committee stayed the suspension because of petitioner's career and family problems. The stay, however, was contingent upon petitioner continuing his previous involvement with the Committee for Physician's Health (hereinafter CPH) for evaluation and treatment for a period of time to be set by CPH.

Subsequently, the Bureau of Professional Medical Conduct brought professional misconduct charges against petitioner pursuant to Education Law § 6530 (8) and (29). The Committee issued its determination stating that revocation was the only appropriate penalty to prevent risk to the public from petitioner's continued medical practice. On appeal the ARB sustained this ruling and this CPLR article 78 proceeding ensued.

Appellate court review of an ARB sanction is limited to consideration of whether it is so disproportionate to the offense committed as to be shocking to one's sense of fairness (*see, Matter of Moran v Chassin*, 225 AD2d 814, 815). The standard that governs this Court's review of the ARB determination is whether such decision is "arbitrary and capricious, affected by an error of law or an abuse of discretion" (*Matter of Spartalis v State Bd. for Professional Med. Conduct*, 205 AD2d 940, 942; *see, Matter of Moss v Chassin*, 209 AD2d 889, 891). Whether a determination is arbitrary or capricious is determined by analyzing whether the particular action taken by the ARB should have been taken or is justified, and whether the administrative action is without foundation in fact (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 231; *Matter of Moss v Chassin, supra*, at 891).

Petitioner was charged with violating Education Law § 6530 (8) (having a psychiatric condition which impairs the licensee's ability to practice) from September 1993 forward. While petitioner was under CPH evaluation in 1993, three physicians

(Thomas Markowski, Daniel Schwartz and Harriet O'Hagan) found that petitioner was suffering from delusions and paranoia. O'Hagan diagnosed petitioner in May 1993 as delusional and stated that this impediment would affect his functioning and distort his thinking. Zev Labins, a psychiatrist, met with petitioner on a regular basis from September 1993 until April 1994. At the hearing before the Committee, Labins testified that petitioner suffered from a mixed delusional disorder that impaired both his judgment and his ability to practice medicine. Petitioner testified on his own behalf. The ARB described petitioner's testimony as "rambling, and at times, nearly incoherent". David Weiser, a physician testifying on petitioner's behalf, testified that he had seen petitioner four times and that he had not yet formulated a diagnosis. Furthermore, Weiser stated that petitioner's difficulties may have been related to a psychiatric condition. Whether this medical testimony is credible and how much weight should be given it are issues to be resolved by the ARB, not this Court (see, Matter of Santasiero v Sobol, 199 AD2d 835, 836).

Petitioner was also charged under Education Law § 6530 (29) with violating a term of probation or a limitation imposed on the licensee. Ample evidence was presented which demonstrated that petitioner abandoned further CPH treatment despite the recommendation of Labins. In addition, there was sufficient evidence to conclude that there had been a contract for treatment of two years signed by petitioner, and that he had participated for less than one year.

It is clear from the foregoing that petitioner exhibited behavior from September 1993 which was rationally found to be disabling to his ability to practice. Likewise, the evidence submitted on the issue of his violation of probation is rooted in substantive fact. Consequently, our analysis leads to the conclusion that the ARB determination is neither arbitrary and capricious, affected by an error of law nor an abuse of discretion. Moreover, based upon the evidence submitted, the penalty imposed does not shock this Court's sense of fairness (see, Matter of Chace v DeBuono, 223 AD2d 961, 962). We find that the record amply supports the reasonableness of the ARB's decision and that it is necessary for the protection of the public.

Cardona, P. J., Crew III, Spain and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.