■ In the Matter of MUHAMMAD AZAM KHAN, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [731 NYS2d 82] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

When this matter was last before us, we held that a 1997 Arizona consent agreement should not have been given collateral estoppel effect and, accordingly, modified the determination of respondent Administrative Review Board for Professional Medical Conduct (hereinafter the ARB) and remitted the matter for a redetermination of the penalty imposed (274 AD2d 784). Upon appeal, the Court of Appeals reversed and remitted the matter to this Court for determination of the remaining issues not reached upon our prior review (96 NY2d 879).

Initially, with regard to petitioner's contention that the findings of the Hearing Committee should be annulled because they are not supported by substantial evidence, we need note only that our review of the Hearing Committee's decision is precluded inasmuch as petitioner sought review of such decision from the ARB. This Court's power to review the Hearing Committee's decision extends only to those situations where review thereof is not sought from the ARB (*see, Matter of Weg v DeBuono,* 269 AD2d 683, 685-686, *lv denied* 94 NY2d 764).

Next, contrary to petitioner's contention, review of the ARB's

determination is limited to whether the decision is " 'arbitrary and capricious, affected by an error of law or an abuse of discretion' " (*Matter of Pisnanont v New York State Bd. for Professional Med. Conduct*, 266 AD2d 592, 593, quoting *Matter of Spartalis v State Bd. for Professional Med. Conduct*, 205 AD2d 940, 942, *lv denied* 84 NY2d 807). Accordingly, our inquiry distills to whether the ARB's determination has a rational basis and is factually supported (*see, Matter of Moss v Chassin*, 209 AD2d 889, 891, *lv denied* 85 NY2d 805, *cert denied* 516 US 861).

Here, the ARB's determination that petitioner's conduct in Arizona would constitute misconduct in New York under Education Law § 6530 (3), (18), (29) and (32) has a rational basis and is factually supported by petitioner's stipulation to the facts contained in the 1995 and 1997 Arizona consent agreements. Finally, we reject petitioner's contention that revocation of his license was so disproportionate to the offenses as to be shockingly unfair.

Mercure, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.