■ In the Matter of ANGEL PRADO, Petitioner, v ANTONIA C. NOVELLO, as Commissioner of Health, et al., Respondents. [754 NYS2d 390] —Rose, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which, inter alia, revoked petitioner's license to practice medicine in New York.

Petitioner, a plastic surgeon licensed since 1969, was charged by the Bureau of Professional Medical Conduct (hereinafter BPMC) with practicing medicine with gross negligence, negligence on more than one occasion, gross incompetence, incompetence on more than one occasion, engaging in fraudulent practice, failing to maintain proper patient records, and engaging in conduct evidencing moral unfitness. These charges largely stemmed from petitioner's failure to keep written records of his treatment of 10 patients (hereinafter patients A through J) from 1983 through 1998. The Hearing Committee of the State Board for Professional Medical Conduct (hereinafter Committee), after a hearing, sustained the charges that petitioner practiced medicine with negligence on more than one occasion with respect to his treatment of all 10 patients and with gross negligence as to patients B, C, G and H, that he engaged in fraudulent conduct in falsely reporting his treatment of patients A, C, D and J to their health insurers, and that he failed to maintain accurate medical records for all 10 patients. As to penalty, the Committee revoked petitioner's license to practice medicine in New York. The BPMC thereafter sought review by respondent Administrative Review Board for Professional Medical Conduct (hereinafter the ARB), seeking reversal of the Committee's finding that gross negligence had not been shown as to petitioner's treatment of patients A, E, F, I and J. Petitioner, in turn, appealed to the ARB, but challenged only the Committee's finding of fraudulent practice and revocation of his license. The ARB affirmed the Committee's findings and revocation of petitioner's license, but modified its determination by sustaining the charges of moral unfitness and imposed a $40,000 fine. Petitioner then commenced this proceeding seeking review of the ARB's determination.

As a threshold matter, we find merit in respondents' argument that petitioner's challenges to the Committee's findings of negligence and gross negligence are not preserved for our review because he did not assert them in his appeal to the ARB. This Court generally has held that the failure to raise an issue at a disciplinary hearing or on administrative appeal

results in that issue being unpreserved for appellate court review (*see e.g. Matter of Sackets Harbor Cent. School Dist. v Munoz*, 283 AD2d 756, 758; *Matter of Wells v Selsky*, 282 AD2d 799, 800; *Matter of Karay Rest. Corp. v Tax Appeals Trib.*, 274 AD2d 854, 856, *lv denied* 96 NY2d 702; *Matter of Iwan v Zoning Bd. of Appeals of Town of Amsterdam*, ·252 AD2d 913, 914). The Court of Appeals has recently made clear that this bar to appellate review also extends to appeals of determinations of the ARB (*see Matter of Khan v New York State Dept. of Health*, 96 NY2d 879, 880). On remand following that ruling, we also observed: "This Court's power to review the Hearing Committee's decision extends only to those situations where review thereof is not sought from the ARB" (*Matter of Khan v New York State Dept. of Health*, 286 AD2d 562, 562, citing *Matter of Weg v DeBuono*, 269 AD2d 683, 685-686, *lv denied* 94 NY2d 764). Inasmuch as there was a review by the ARB prior to this proceeding (*see* Public Health Law § 230-c [5]), petitioner's failure to present his challenges to the Committee's findings of negligence and gross negligence renders them unpreserved for our review. Accordingly, we limit our inquiry to whether the ARB's determinations as to petitioner's fraudulent practice and moral unfitness are " 'arbitrary and capricious, affected by an error of law or an abuse of discretion' " (*Matter of Pisnanont v New York State Bd. for Professional Med. Conduct*, 266 AD2d 592, 593, quoting *Matter of Spartalis v State Bd. for Professional Med. Conduct*, 205 AD2d 940, 942, *lv denied* 84 NY2d 807; *see Matter of Steckmeyer v State Bd. for Professional Med. Conduct*, 295 AD2d 815, 817).

Petitioner avers that the evidence in the record was insufficient to sustain fraud charges as to patients A and J in light of the Committee's failure to make a specific finding of an intent to mislead. We disagree. "Although a determination that a physician is guilty of fraud requires proof of either an intentional misrepresentation or concealment of a known fact, the intent or knowledge element may be inferred from the surrounding circumstances" (*Matter of Steckmeyer v State Bd. for Professional Med. Conduct, supra* at 817-818 [citations omitted]; *see Matter of Muncan v State Bd. for Professional Med. Conduct*, 296 AD2d 721, 722). Here, both the Committee and the ARB found that petitioner had misrepresented the purpose of the surgical procedures performed on patients A and J in order to qualify those patients for health insurance reimbursement, and the record is more than adequate to support such findings. Medical conduct investigator John Flynn testified that petitioner had admitted to him that petitioner submitted false reports to insurance carriers for cosmetic surgeries in or-

der to obtain payment. In addition, Paul Weiss, a board-certified plastic surgeon and professor of plastic surgery, opined that, based on the inconsistencies within petitioner's records as to patients A and J, petitioner filed such false reports with a fraudulent intent. Thus, the ARB's confirmation of the fraud charges pertaining to patients A and J was not arbitrary and capricious, or affected by error of law or an abuse of discretion.

The evidence of petitioner's fraudulent billing as to these patients and two others also provides a rational basis of support for the ARB's decision to reverse the Committee's finding and sustain the charges of moral unfitness. To sustain a charge of moral unfitness to practice medicine, the ARB has required a showing that the physician "violat[es] the trust the public bestows on the medical profession and/or violat[es] the medical profession's moral standards" (*Matter of Pearl*, Administrative Review Board Determination and Order No. 01-93, at 8 [2001]; *see* Education Law § 6530 [20]). Since repeated false billing practices demonstrate deliberate deceit and come within the criteria set forth by the ARB (*see Matter of Pearl*, Administrative Review Board Determination and Order No. 01-93 [2001]), we find no merit in petitioner's contention.

Turning finally to petitioner's challenge to the penalty imposed, we cannot say that it is " 'so disproportionate to the offense as to be shocking to one's sense of fairness,' thus constituting an abuse of discretion as a matter of law" (*Matter of Kelly v Safir*, 96 NY2d 32, 38, quoting *Matter of Pell v Board of Educ.*, 34 NY2d 222, 237; *see Matter of Gonzalez v New York State Dept. of Health*, 232 AD2d 886, 890, *lv denied* 90 NY2d 801). Petitioner's negligence in failing to maintain accurate medical records for the 10 patients involved here, his repeated fraudulent practice and his serious deviations from the standard of patient care prevents us from finding the penalty to be grossly disproportionate to his offenses (*see Matter of Saldanha v DeBuono*, 256 AD2d 935, 936; *Matter of Moon Ho Huh v New York State Health. Bd. for Professional Med. Conduct*, 256 AD2d 933, 934-935; *cf. Matter of Addei v State Bd. for Professional Med. Conduct*, 278 AD2d 551).

Crew III, J.P., Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.