■ In the Matter of ABRAHAM SOLOMON, Petitioner, v ADMINISTRATIVE REVIEW BOARD FOR PROFESSIONAL MEDICAL CONDUCT, DEPARTMENT OF HEALTH, Respondent. [756 NYS2d 335] —Rose, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent which revoked petitioner's license to practice medicine in New York.

Petitioner, an emergency room physician, was charged with numerous violations of the Education Law stemming from his care and treatment of 10 patients. Following a hearing, a Hearing Committee of the State Board for Professional Medical Conduct sustained some of the charges of gross negligence and negligence on more than one occasion, as well as the charges of fraud in petitioner's applications for privileges or employment at three hospitals, and revoked his license to practice medicine. On appeal, respondent affirmed most, but not all, of the Hearing Committee's findings as to guilt, sustained additional charges of gross incompetence and incompetence on more than one occasion and confirmed revocation of petitioner's license. Petitioner then commenced this proceeding seeking to annul respondent's determination.

Since our inquiry is limited to ascertaining whether respondent's determination is arbitrary and capricious, is affected by an error of law or constitutes an abuse of discretion (*see Matter of Steckmeyer v State Bd. for Professional Med. Conduct*, 295

AD2d 815, 817 [2002]; *Matter of Pisnanont v New York State Bd. for Professional Med. Conduct*, 266 AD2d 592, 593 [1999]), it will not be disturbed if it has a rational basis and is factually supported (*see Matter of Moss v Chassin*, 209 AD2d 889, 891 [1994], *lv denied* 85 NY2d 805 [1995], *cert denied* 516 US 861 [1995]). Applying that standard here, we conclude that respondent's determination must be confirmed.

Based upon his review of the hospital records of the patients at issue, Gerard Brogan Jr., a board-certified emergency room physician, testified in detail as to petitioner's failure to obtain proper patient histories, performance of inadequate physical examinations, failure to order appropriate laboratory tests, misdiagnoses of life-threatening conditions that should have been readily recognized and administration of inappropriate and contraindicated medications. Brogan further testified that, under the circumstances presented, these omissions and erroneous treatments constituted deviations from generally accepted medical practices. This testimony, together with the opinions offered by two additional medical experts, Alveris Molina and Daniel Murphy, and the relevant hospital records provide a rational basis for sustaining the charges of practicing with gross negligence, negligence on more than one occasion, incompetence and gross incompetence on more than one occasion. To the extent that the testimonies of petitioner and his experts were to the contrary, they raised a credibility issue for respondent to resolve and, in so doing, it was free to credit the testimonies of Brogan, Molina and Murphy over those of petitioner's experts (*see generally Matter of Chua v Chassin*, 215 AD2d 953, 955 [1995], *lv denied* 86 NY2d 708 [1995]; *Matter of Hachamovitch v State Bd. for Professional Med. Conduct*, 206 AD2d 637, 638 [1994], *lv denied* 84 NY2d 809 [1994]). Thus, we cannot agree that respondent's determination regarding petitioner's patient care is arbitrary, capricious or affected by an error of law or that it constitutes an abuse of discretion (*see Matter of Katz v Novello*, 292 AD2d 652, 655 [2002], *lv denied* 98 NY2d 613 [2002]).

We reach a similar conclusion as to the charges of fraudulent practice. Although a determination that a physician is guilty of fraud requires proof of either an intentional misrepresentation or concealment of a known fact (*see id.* at 654), the intent or knowledge element may be inferred from the surrounding circumstances (*see Matter of Steckmeyer v State Bd. for Professional Med. Conduct, supra* at 817; *Matter of Hachamovitch v State Bd. for Professional Med. Conduct, supra* at 638). Here, both the Hearing Committee and respondent found that in ap-

plying for appointment or privileges at three hospitals, petitioner knowingly withheld information regarding prior hospital employment and the termination of his residency without credit, and the record is more than adequate to support such findings.

Petitioner's remaining contentions, including his unsupported allegations that the participation of Brogan and Hedva Shamir, a medical coordinator for the Office of Professional Medical Conduct, in the proceedings before the Hearing Committee was tainted by conflicts of interest (*see Matter of Siddiqui v New York State Dept. of Health*, 228 AD2d 735, 737 [1996], *lv denied* 89 NY2d 804 [1996]), and his assertion that revocation of his license to practice medicine is so disproportionate to his acts of professional misconduct as to shock this Court's sense of fairness (*see Matter of Larkins v DeBuono*, 257 AD2d 714, 716 [1999]), have been examined and found to be lacking in merit. Accordingly, respondent's determination is in all respects confirmed.

Crew III, J.P., Peters, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.