■ In the Matter of PERRY ORENS, Petitioner, v ANTONIA C. NOVELLO, as Commissioner of the Department of Health of the State of New York, et al., Respondents. [761 NYS2d 547] —Carpinello, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

When this matter was last before us, we held that the Hearing Committee of respondent State Board for Professional Medical Conduct, which heard charges of medical misconduct against petitioner, was not properly constituted (284 AD2d 26 [2001], *revd* 99 NY2d 180 [2002]). We therefore annulled a determination of the Administrative Review Board for Professional Medical Conduct (hereinafter ARB), which sustained most of the Hearing Committee's findings, and remitted the matter for a new hearing (*id.*). The Court of Appeals reversed, finding that the Hearing Committee was properly constituted, and remitted the matter to this Court for a determination of the issues we did not reach (99 NY2d 180 [2002]). In now addressing those issues, we find that none has merit.

First, we reject petitioner's challenges to the findings of fact and conclusions of law contained in the Hearing Committee's determination since this Court is without power to review such claims where, as here, petitioner has already sought review from the ARB (*see Matter of Khan v New York State Dept. of Health*, 286 AD2d 562, 563 [2001]; *Matter of Weg v De Buono*, 269 AD2d 683, 685-686 [2000], *lv denied* 94 NY2d 764 [2000]). In any event, we have reviewed the Hearing Committee's determination and find nothing uncertain or equivocal about its findings, including the use of the disjunctive "and/or." We reach a similar conclusion with regard to the charges themselves, which were reasonably specific and sufficiently apprised petitioner so that he could prepare an adequate defense (*see Matter of Block v Ambach*, 73 NY2d 323, 332-333 [1989]).

Turning to the ARB's determination, petitioner contends

that its findings of negligence, gross negligence, fraudulent practices and performance of excessive tests on petitioner's Lyme disease patients are not supported by the evidence. Our review of the ARB's determination is limited to "whether such decision is 'arbitrary and capricious, affected by an error of law or an abuse of discretion'" (*Matter of Pisnanont v New York State Bd. for Professional Med. Conduct*, 266 AD2d 592, 593 [1999], quoting *Matter of Spartalis v State Bd. for Professional Med. Conduct*, 205 AD2d 940, 942 [1994] [1999], *lv denied* 84 NY2d 807 [1994]). Essentially, we look to whether "the ARB's determination has a rational basis and is factually supported" (*Matter of Khan v New York State Dept. of Health, supra*, at 563). Based upon our review of the record, we find that it does. The Bureau of Professional Medical Conduct presented sufficient medical testimony to support the charges which petitioner was ultimately found to have committed. Although petitioner gave contrary testimony, this presented a credibility issue for the ARB to resolve (*see Matter of Solomon v Administrative Review Bd. for Professional Med. Conduct*, 303 AD2d 788, 789 [2003]; *Matter of Steckmeyer v State Bd. for Professional Med. Conduct*, 295 AD2d 815, 817 [2002]).

Lastly, we find no merit to petitioner's claim that the penalty of revocation of his medical license was excessive. Given the scope and nature of the charges, we cannot conclude that the penalty "is so incommensurate with the offense as to shock one's sense of fairness" (*Matter of D'Amico v Commissioner of Educ. of State of N.Y.*, 167 AD2d 769, 771 [1990]; *see Matter of Mayer v Novello*, 303 AD2d 909, 910 [2003]). Therefore, we decline to disturb the ARB's determination.

Cardona, P.J., Mercure, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.