■ In the Matter of JEFFREY A. BUCKNER, Petitioner, v STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. [776 NYS2d 361]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which, inter alia, censured and reprimanded petitioner.

A Hearing Committee sustained specifications of professional misconduct for willful harassment and abuse and moral unfitness against petitioner, finding that he had inappropriately fondled patient A's left breast for no legitimate medical purpose. On appeal, the Administrative Review Board for Professional Medical Conduct (hereinafter ARB) affirmed the Committee's determinations, but reduced the Committee's sanction of a stayed six-month license suspension and five years' probation (with a chaperone to be present during petitioner's examinations of female patients) to a censure and reprimand while preserving the five-year period of probation. Petitioner commenced this CPLR article 78 proceeding seeking to have the ARB's decision vacated as arbitrary, capricious, erroneous as a matter of law, and not based on substantial evidence.

The only persons present during petitioner's examination of patient A were petitioner and the patient. Thus, the Committee's determination of what occurred necessarily depends on which of these persons it determined was the more credible. This Court is without power to review the "findings of fact and conclusions of law contained in the Hearing Committee's determination" where the ARB has already reviewed such matters (*Matter of Orens v Novello*, 307 AD2d 392, 392 [2003], *appeal dismissed* 100 NY2d 614 [2003]; *see Matter of Khan v New York State Dept. of Health*, 286 AD2d 562, 562 [2001]). Judicial review of a decision of the ARB is limited to determining whether the decision was "arbitrary and capricious, affected by an error of law or an abuse of discretion" (*Matter of Spartalis v State Bd. for Professional Med. Conduct*, 205 AD2d 940, 942 [1994], *lv denied* 84 NY2d 807 [1994]; *see Matter of Orens v Novello, supra* at 393; *Matter of Lugo v New York State Dept. of Health*, 306 AD2d 766, 766-767 [2003]). In other words, the ARB's decision must have a rational basis and be factually supported (*see Matter of Orens v Novello, supra* at 393; *Matter of Khan v New York State Dept. of Health, supra* at 563).

As limited by his brief, petitioner's argument is that the ARB decision is arbitrary and capricious because it adopted the findings of the Committee, and the Committee's credibility determi-

nations had no rational basis because they either misconstrued or ignored "unequivocal" documentary evidence which established that petitioner was more credible than patient A. Thus, petitioner argues that the medical records of patient A's husband show that he returned to petitioner two times after the alleged incident, thereby negating the Committee's determination that "[p]atient A's husband returned to [petitioner's] office merely to obtain a referral." Also, petitioner presented numerous medical records of other patients to demonstrate that his use of the phrase "bra left on" was his shorthand for indicating that no breast examination was done, thereby dispelling the Committee's determination that his use of that phrase was "strange and unusual." Further, medical records of patients were offered to indicate that petitioner frequently used the phrase "awaits blood" in his practice, refuting the Committee's findings that petitioner lacked credibility due to the missing lab work from patient A's chart. Finally, petitioner presented a medical expert who said it was possible to listen to a patient's heart without removing her bra, thereby contradicting the Committee's finding that petitioner lacked credibility because he claimed he could listen to patient A's heart without removing her bra.

First, we note that even if the accuracy of these arguments is conceded, none of them directly addresses the misconduct alleged or the credibility of patient A. Petitioner's testimony contains several instances which can be characterized as inconsistent, speculative, combative, evasive or confrontational, giving credence to the determination that petitioner lacked credibility. The resolution of conflicting testimony is a credibility determination by the fact-finding body and beyond the scope of appellate review (*see Matter of Lugo v New York State Dept. of Health, supra* at 768; *Matter of Pearl v State Bd. for Professional Med. Conduct*, 295 AD2d 764, 765 [2002], *lv denied* 99 NY2d 501 [2002]; *Matter of Park v New York State Dept. of Health*, 222 AD2d 959, 961 [1995]). A rational basis exists in the record for the ARB's determination.

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.