■ In the Matter of MICHAEL N. KESSLER, Petitioner, v STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. [776 NYS2d 359]—

Crew III, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Hearing Committee of respondent which revoked petitioner's license to practice medicine in New York.

Petitioner, a licensed physician, was charged with 10 specifications of misconduct alleging that he had practiced the profession fraudulently, engaged in conduct evincing moral unfitness to practice the profession, willfully made or filed a false report and had been convicted of an act constituting a crime in another jurisdiction which, if committed in this state, would constitute a crime under New York law. Such charges, in turn, were based upon three factual allegations: first, that petitioner was terminated from a fellowship program in Massachusetts and thereafter concealed that information on applications for appointment to two New York hospitals; second, that petitioner submitted an application for malpractice insurance, wherein he denied ever having been charged with a felony; and third, that petitioner had been convicted of open and gross lewdness in Massachusetts, a felony. Following an administrative hearing, at which petitioner appeared and testified, a Hearing Committee of respondent found petitioner guilty of the foregoing charges and, as to penalty, revoked petitioner's license to practice medicine. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking to annul that determination.

With regard to the specifications alleging that petitioner practiced the profession fraudulently and willfully made or filed a false report, even a cursory review of the record reveals ample evidence to sustain such charges. Prior to applying for privileges at two New York hospitals, petitioner was terminated from a fellowship program in Massachusetts based upon an unsatisfactory "CORI" (criminal offender registration information) check. The disciplinary notice provided to petitioner in this regard indicated, under "[n]ature of action(s) taken," "[r]evocation of right or privilege" and "[t]ermination or non-renewal of contract," and petitioner, when questioned at the administrative hearing regarding his understanding of how this fellowship came to an end, candidly testified, "In my opinion, I was terminated." Nonetheless petitioner, in subsequent applications for privileges at two New York hospitals, responded "no" to questions regarding whether his privileges had ever been, inter alia, denied, revoked, suspended, not renewed or reduced.

Similarly, when applying for malpractice insurance in November 2001, petitioner responded "no" to a question asking whether he ever had been, inter alia, charged with a felony despite the fact that he had been so charged less than two weeks earlier. When questioned at the administrative hearing regarding this application, petitioner responded, "I knew the charge in Massachusetts was a felony . . . I lied on that question." Given petitioner's testimony and the reasonable inferences that may be drawn therefrom, it is clear that the determination of guilt as to the charges of practicing the profession fraudulently and making or filing a false report is supported by substantial evidence.

We reach a similar conclusion as to the charge of engaging in conduct that evinces a moral unfitness to practice the profession. To sustain such a charge, it must be shown that a physician " 'violat[es] the trust the public bestows on the medical profession and/or violat[es] the medical profession's moral standards' " (*Matter of Prado v Novello*, 301 AD2d 692, 694 [2003], quoting *Matter of Pearl*, Administrative Review Bd. Determination and Order No. 01-93, at 8 [2001]). In our view, the Hearing Committee appropriately concluded that "by attempting to conceal his arrest for a crime of moral turpitude, [petitioner] committed misconduct by engaging in an act evincing moral unfitness to practice medicine."

Finally, petitioner stipulated that the conduct that formed the basis for his felony conviction in Massachusetts would constitute a crime if such underlying conduct had been committed in this state. That stipulation, coupled with petitioner's felony conviction, clearly demonstrates that petitioner committed an act that would constitute a crime in this state. Petitioner's remaining contentions, including his assertion that the penalty imposed was excessive, have been examined and found to be lacking in merit.

Spain, Carpinello, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.