■ In the Matter of HERON G. RATTRAY et al., Petitioners, v ANTONIA C. NOVELLO, as Commissioner of Health of State of New York, et al., Respondents. [847 NYS2d 258]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which, among other things, revoked petitioner's license to practice medicine in New York.

Petitioner Heron G. Rattray was a licensed physician in New York and has been the sole shareholder of petitioner Rochdale Medical, P.C. since 1996. After he failed to respond to a request by the Office of Professional Medical Conduct (hereinafter OPMC) for certain records, an investigator set up an appointment with his office to view the documents. While inspecting the records, the investigator scanned them into his laptop.

Thereafter, OPMC alleged that petitioners committed professional misconduct in a statement of charges containing 28 specifications. Following a hearing, a Hearing Committee of respondent State Board for Professional Medical Conduct sustained 26 specifications charging fraudulent practice, willfully making or filing false reports, practicing with negligence on more than one occasion, failing to maintain records reflecting evaluation and treatment, failing to report a discontinuation of privileges to hospitals and failing to comply with federal law concerning billing practices. The Hearing Committee further revoked Rattray's license and Rochdale Medical's certificate of incorporation. Upon petitioners' appeal, the Administrative Review Board for Professional Medical Conduct (hereinafter ARB) affirmed the Hearing Committee's determination and, upon its own motion, fined Rattray an additional $10,000 for repeated fraudulent conduct. This CPLR article 78 proceeding challenging the determination ensued.

We confirm. Inasmuch as they did not raise the issue before the Hearing Committee and the ARB, petitioners failed to preserve their claim that OPMC exceeded its authority in scanning patient records without petitioners' permission (*see Matter of Prado v Novello*, 301 AD2d 692, 692-693 [2003]). "Judicial review of administrative determinations pursuant to CPLR article 78 is limited to questions of law [and] [u]npreserved issues are not issues of law" (*Matter of Khan v New York State Dept. of Health*, 96 NY2d 879, 880 [2001] [citations omitted]; *see Matter of Prado v Novello*, 301 AD2d at 693). Our review of that claim is therefore foreclosed. With respect to petitioners' assertion that they were deprived of a fair hearing due to the ineffective assistance of counsel, we note that the right to effective assistance of counsel does not extend to administrative proceedings except in certain narrowly defined circumstances that are not present here (*see Matter of Bazin v Novello*, 301 AD2d 975, 976 [2003]; *Matter of Siddiqui v New York State Dept. of Health*, 228 AD2d 735, 736 [1996], *lv denied* 89 NY2d 804 [1996]; *cf. Matter of Axelrod v Ambach*, 126 AD2d 288, 290-291 [1987]). Finally, given the pervasiveness and extent of the fraudulent practice herein, we cannot say that the revocation of Rattray's license to practice medicine is " 'so incommensurate with the offense as to shock one's sense of fairness' " (*Matter of Catsoulis v New York State Dept. of Health*, 2 AD3d 920, 922 [2003] [citation omitted]; *see Matter of Solomon v Administrative Review Bd. for Professional Med. Conduct, Dept. of Health*, 303 AD2d 788, 790 [2003], *lv denied* 100 NY2d 505 [2003]).

Spain, Carpinello, Mugglin and Kane, JJ., concur. Adjudged

that the determination is confirmed, without costs, and petition dismissed.