■ In the Matter of SHELDON WIEDER, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [910 NYS2d 204]—

Stein, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which, among other things, suspended petitioner's license to practice medicine in New York for three years.

Petitioner, a board-certified radiologist licensed to practice medicine in New York, was charged by the Bureau of Professional Medical Conduct (hereinafter BPMC) with negligence on more than one occasion, gross negligence and incompetence on more than one occasion arising out of his treatment of six patients between July 24, 2003 and May 24, 2004. A hearing was held before a Hearing Committee of respondent State Board for Professional Medical Conduct, which sustained all six charges and imposed a penalty of suspension for three years, with the suspension stayed in its entirety and petitioner placed on probation with required retraining. Both petitioner and re-

spondent Department of Health sought review from the Administrative Review Board for Professional Medical Conduct (hereinafter ARB). The ARB upheld the determination sustaining the charges and the penalty imposed. Petitioner now seeks review of the ARB's determination.

We confirm. Our review of the ARB's determination is limited to "ascertaining whether it was 'arbitrary and capricious, affected by error of law or an abuse of discretion'" (*Matter of Bottros v DeBuono*, 256 AD2d 1034, 1035-1036 [1998], quoting *Matter of Chua v Chassin*, 215 AD2d 953, 954 [1995], *lv denied* 86 NY2d 708 [1995]). Here, both the Hearing Committee and the ARB had before them the testimony of several doctors— some of whom were presented as expert witnesses and others as fact witnesses—together with hospital records and other documentation. Contrary to petitioner's arguments, we do not find the testimony of any of BPMC's physician fact witnesses to be inherently incredible. In our view, the expert testimony, combined with the testimony of the fact witnesses and the documentary evidence, provided a sufficient basis for the determination that petitioner deviated from the applicable standard of care (*see Matter of Sidoti v State Bd. for Professional Med. Conduct*, 55 AD3d 1162, 1164-1165 [2008]).

In particular, the testimony of BPMC's expert, Ellen Wolf, furnished ample support for the findings of negligence, gross negligence and incompetence with regard to petitioner's treatment of the applicable patients. Notably, Wolf's testimony regarding petitioner's errors and misjudgments was largely undisputed and was, in many respects, corroborated by petitioner's own expert. Even petitioner, himself, acknowledged certain omissions. Any contrary testimony of petitioner's witnesses raised issues of credibility for the Hearing Committee and, ultimately, the ARB to resolve (*see id.* at 1165; *Matter of Lugo v New York State Dept. of Health*, 306 AD2d 766, 768 [2003]; *Matter of Solomon v Administrative Review Bd. for Professional Med. Conduct, Dept. of Health*, 303 AD2d 788, 789 [2003], *lv denied* 100 NY2d 505 [2003]), and we perceive no basis to set aside their credibility assessments here. Inasmuch as the ARB's determination sustaining the charges has a rational basis and is factually supported, we will not disturb it (*see Matter of Shapiro v Administrative Review Bd. of the State Bd. for Professional Med. Conduct*, 71 AD3d 1241, 1242 [2010]; *Matter of Solomon v Administrative Review Bd. for Professional Med. Conduct, Dept. of Health*, 303 AD2d at 789).

Nor do we find the penalty imposed to be excessive. Petitioner was found to have engaged in misconduct on six occasions dur-

ing an approximately 10-month period, including failing to diagnose patients with potentially life-threatening conditions. Although he raised arguments in mitigation of his misconduct, in view of the number and nature of petitioner's errors during the relevant period, the penalty is not " 'so disproportionate to the offense that it is shocking to one's sense of fairness' " (*Matter of Shapiro v Administrative Review Bd. of the State Bd. for Professional Med. Conduct*, 71 AD3d at 1243, quoting *Matter of Cohen v New York State Dept. of Health*, 65 AD3d 791, 793 [2009]). We, therefore, decline to modify it.

Petitioner's remaining contentions have been considered and are without merit.

Peters, J.P., Spain, Malone Jr. and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.