■ In the Matter of JUSTIN C. TERRA, Petitioner, v DEPARTMENT OF HEALTH, STATE OF NEW YORK, et al., Respondents. [604 NYS2d 644] —Casey, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

A Committee on Professional Conduct of the State Board for Professional Medical Conduct (hereinafter the Committee) was convened pursuant to Public Health Law § 230 to consider six specifications alleging professional misconduct on the part of petitioner, a physician specializing in obstetrics and gynecology. All of the charges arose out of abortions performed by petitioner on 24 patients in 1987, only two of whom were actually pregnant. A specialist in the field of obstetrics and gynecology testified as to the generally accepted procedures practiced by physicians when treating women who seek abortions. After reviewing petitioner's records of the 24 patients involved, this witness concluded that important information

was not obtained and the requisite tests were not performed before petitioner performed the abortion procedures. The reports indicated that only two of the reports of all 24 patients confirmed pregnancy. The remaining 22 reports disclosed either that the patients were not pregnant or that it was not possible to tell. There was no indication in petitioner's records that the patients were told whether they were pregnant or not. Seven of the reports showed the possibility of an ectopic pregnancy. There was no indication that the patients involved were informed of this possibility or of the continuing risk involved.

Petitioner neither appeared, testified nor offered evidence on his behalf. He relied on the argument of his attorney that the evidence offered failed to prove his guilt. After considering the evidence presented, the Committee sustained five of the six specifications against petitioner. They were gross negligence, negligence on more than one occasion, ordering treatment or use of treatment facilities not warranted by the condition of the patient, and failure to maintain adequate records as to some but not all of the 24 patients in question. A specification of fraudulent practice was not sustained. Based on the sustained charges, the Committee recommended revocation of petitioner's license to practice medicine. The Committee noted that petitioner's failure to appear prevented its assessment of petitioner's potential for rehabilitation, which might have warranted the lesser penalty of license suspension and retraining.

Petitioner's administrative appeal pursuant to Public Health Law § 230-c resulted in the Committee's determination being sustained by the Administrative Review Board for Professional Medical Conduct except as to one of the patients because the medical records as to that patient were unsigned and could not be linked to petitioner. The Administrative Review Board directed that petitioner's license to practice medicine in this State be revoked. Petitioner seeks review and annulment of the Administrative Review Board's determination in this CPLR article 78 proceeding.

In the face of the evidence offered against him, we find petitioner's claim of insufficiency to be lacking in merit (see, *Matter of Rudell v Commissioner of Health,* 194 AD2d 48). We find meritless petitioner's claim that the medical records were not shown to be in his handwriting. The Committee compared the signature on the forms in the medical records with the signature on petitioner's licensing documents and found them to be the same. Such comparison by the Committee, as the

fact finder, was appropriate under the circumstances (see, Matter of Thomas v Coughlin, 145 AD2d 695, 696; see also, Richardson, Evidence § 375, at 355 [Prince 10th ed]). Also lacking in merit is petitioner's claim of bias (see, Matter of Hughes v Suffolk County Dept. of Civ. Serv., 74 NY2d 833, 834). As to petitioner's final claim, "a party's invocation of the Fifth Amendment in a civil or administrative proceeding may form the basis of an adverse factual inference" (Matter of DeBonis v Corbisiero, 155 AD2d 299, 300, lv denied 75 NY2d 709, cert denied 496 US 938). The determination should therefore be confirmed.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.