■ In the Matter of JEROME STEINER, Petitioner, v BARBARA DEBUONO, as Commissioner of the New York State Department of Health, Respondent. [657 NYS2d 485] —Peters, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional

Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner, a psychiatrist, was charged with eight specifications of professional misconduct by the State Board for Professional Medical Conduct (hereinafter BPMC) in connection with his care of patient A from approximately February 1978 through October 1988. A hearing was held between September 1994 and June 1995 where patient A testified that petitioner performed fellatio upon him on numerous occasions during therapy sessions as part of his treatment or therapy, had held sessions in public restaurants and coffee shops, as well as in various resort locations, and had induced him to lend him money on three separate occasions.* Patient A testified that petitioner had discussed his own personal and financial problems with him during therapy and further explained how the sexual contact gradually commenced. Documentary evidence, in the form of receipts for outside therapy sessions and handwritten promissory notes, were proffered to buttress his contentions.

Rollin Gallagher, a psychiatrist, offered expert testimony on the behalf of the BPMC that petitioner's relationship with patient A was well beyond the standards of acceptable medical practice and that his medical records pertaining to patient A were inadequate. Petitioner then presented the testimony of three fact witnesses and one expert witness. Sherrye Everett, a family and alcohol therapist who treated patient A immediately after leaving petitioner's care, confirmed that patient A advised her of petitioner's sexual abuse and opined that during her sessions with him, patient A did not confuse fact and fantasy. In addition to the testimony of Everett's attorney, petitioner offered the testimony of Thomas Hotz, a senior medical conduct investigator for the Office of Professional Medical Conduct. Hotz testified that when he first interviewed patient A, he was advised that petitioner had sexually abused him on numerous occasions. Arthur Myerson, a psychiatrist, testified that patient A might be displaying a transference of anger against patient A's father, yet could not confirm whether patient A was fabricating. Petitioner did not testify on his own behalf.

The Hearing Committee sustained all charges against

---

* Documentary evidence was submitted that petitioner asked for a personal loan of $3,000 in April 1980, $5,000 in March 1985 and another $5,000 loan in October 1985. Patient A made the first two loans to petitioner, but petitioner canceled the last loan when patient A advised that he might need the money returned shortly.

petitioner, finding that patient A's testimony, subjected to several days of lengthy and probing cross-examination, was credible, uncontroverted and well-documented. It also drew an adverse inference from petitioner's failure to testify. After it unanimously voted to revoke petitioner's license, he unsuccessfully appealed to the Administrative Review Board for Professional Misconduct (hereinafter ARB).

Focusing first on petitioner's challenge that it was error to draw an adverse inference from his failure to testify, the ARB concluded that upon its review, there was sufficient evidence to prove misconduct by petitioner "even without drawing the adverse inference from [petitioner's] failure to take the stand". The instant proceeding was thereafter commenced, solely challenging the propriety of the adverse inference drawn from petitioner's failure to testify.

It is well established that the invocation of the 5th Amendment privilege against self-incrimination during the course of either a civil or administrative proceeding may carry with it an adverse factual inference (*see, Baxter v Palmigiano*, 425 US 308, 316-320; *Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31; *Matter of DeBonis v Corbisiero*, 155 AD2d 299, *lv denied* 75 NY2d 709, *cert denied* 496 US 938). The contention that such inference cannot be drawn without the clear invocation of such privilege, like here where a physician is never called to testify in his or her own defense and instead chooses to remain silent, is without merit. As we found in *Matter of Terra v Department of Health* (199 AD2d 577), where a physician charged with professional medical misconduct "neither appeared, testified nor offered evidence on his behalf" (*id.*, at 578), the Hearing Committee properly drew an adverse inference from his silence (*see also, Matter of Jean-Baptiste v Sobol*, 209 AD2d 823). Contrary to petitioner's contention, even the potential loss of license does not rise to the risk of loss of life or liberty ever present in criminal proceedings so as to warrant the importation of "the strict requirements of the criminal law * * * into administrative proceedings" (*Matter of Block v Ambach*, 73 NY2d 323, 333). Hence, "silence in the face of accusation is a relevant fact not barred from evidence by the Due Process Clause * * * [and] 'is often evidence of the most persuasive character' " (*Baxter v Palmigiano*, 425 US 308, 319 [citations omitted], quoting *United States ex rel. Bilokumsky v Tod*, 263 US 149, 153-154; *see also, Matter of Reedy*, 64 NY2d 299; *Matter of Randel*, 158 NY 216).

Finding no error and acknowledging that credibility issues are best resolved by the administrative tribunal (*see, Matter of*

*Lombardo v DeBuono*, 233 AD2d 789; *see also, Matter of Chua v Chassin*, 215 AD2d 953, *lv denied* 86 NY2d 708; *Matter of Moss v Chassin*, 209 AD2d 889, *lv denied* 85 NY2d 805, *cert denied* 516 US 861), we find, upon our review of the documentary and testimonial evidence, that there existed substantial evidence supporting the finding of professional misconduct (*see, Matter of Block v Ambach*, 73 NY2d 323; *Matter of Taylor v Board of Regents*, 208 AD2d 1056).

Accordingly, the administrative determination is confirmed in its entirety.

Cardona, P. J., Casey, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.