■ In the Matter of MOURAD R. BOTTROS, Appellant, v BARBARA A. DeBUONO, as Commissioner of the New York State Department of Health, et al., Respondents. [683 NYS2d 333] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner was licensed in 1980 to practice medicine in New York. In May 1990, he applied for a consent order to resolve allegations of professional negligence contained in a July 1987 amended statement of charges relating to treatment of patients between 1980 and 1984. The consent order was thereafter issued with an effective date of August 20, 1990. As a result thereof, petitioner's license was suspended for two years, execution of the suspension was stayed and petitioner was placed on probation for two years, with the requirement that he be monitored by another physician. It is uncontroverted that his probationary period was successfully completed and the monitoring physician attested to petitioner's competence as a surgeon.

Petitioner was also licensed to practice medicine in Maine, although he had never practiced there. On or about July 6, 1992, he applied for renewal of his Maine license. On the renewal application, petitioner answered in the negative a question asking whether any disciplinary action had been taken

against him by any State or territory of the United States since July 1, 1990. In August 1996, the Maine Board of Registration in Medicine denied petitioner's application for renewal based upon "fraud and deceit", citing his failure to disclose the disciplinary action in New York. Although he was advised that he could request a hearing on the matter, he declined to do so. His attorney did communicate with the Maine Board and secured their agreement to eliminate the words "fraud and deceit" in the reporting of the factual description of the offense.

In May 1997, the State Board for Professional Medical Conduct served petitioner with a statement of charges alleging violation of Education Law § 6530 (9) (b) and (d), based upon petitioner's failure to make appropriate disclosure to the Maine Board and his resultant discipline in Maine. A hearing ensued, resulting in a 2 to 1 vote by the Hearing Committee of the State Board to sustain the charges and impose a penalty of censure and reprimand. The Hearing Committee expressly noted that it was "unanimous in its determination that the record is not fully convincing on the issue of intent, and that mitigating factors militate against imposing the severe sanction of revocation". The Hearing Committee cited the following mitigating circumstances: (1) petitioner did not pursue a hearing in Maine based upon the Maine Board's agreement to eliminate the words "fraud and deceit" from the factual description of the offense,[1] (2) petitioner had never practiced medicine in Maine and had no intention of doing so, thereby eliminating any apparent motivation for him to have intentionally made a false statement on the renewal application, (3) petitioner had some difficulties with the subtleties of the English language which led to confusion as to the effective date of the consent order,[2] and (4) the charges did not reflect upon petitioner's competence as a practicing physician. Upon the State Board's application for review, the Administrative Review Board for Professional Medical Conduct (hereinafter the ARB) sustained the Hearing Committee's determination of misconduct but found the penalty inadequate, and revoked petitioner's license to practice medicine in New York. Petitioner then commenced this proceeding seeking review of the ARB's determination.

In reviewing a determination of the ARB, we are limited to

---

**1.** The parties sharply divided at the hearing as to whether the Maine Board's agreement to delete the words "fraud and deceit" related solely to its reporting of the matter to the National Data Bank.

**2.** In this regard, the Hearing Committee accepted as "reasonable and credible" his testimony that he misunderstood the effective date of the New York order to be the date upon which he signed the application for consent order, instead of the date of its actual issuance in August 1990.

ascertaining whether it was "arbitrary and capricious, affected by error of law or an abuse of discretion" (*Matter of Chua v Chassin*, 215 AD2d 953, 954, *lv denied* 86 NY2d 708; *see, Matter of Finelli v Chassin*, 206 AD2d 717, 718-719; *Matter of Rudell v Commissioner of Health of State of N. Y.*, 194 AD2d 48, 50, *lv denied* 83 NY2d 754). We may not consider credibility issues, for to do so would impinge upon the province of the administrative fact finder (*see, Matter of Chua v Chassin*, *supra*, at 955; *Matter of Moss v Chassin*, 209 AD2d 889, *lv denied* 85 NY2d 805, *cert denied* 516 US 861). Applying these principles of review, we are required to confirm the determination of misconduct. Although the Hearing Committee was not fully convinced of petitioner's intent to mislead, the ARB was empowered to substitute its judgment for that of the Hearing Committee in resolving issues of credibility and determining guilt (*see, Matter of Minielly v Commissioner of Health of State of N. Y.*, 222 AD2d 750, 751; *Matter of Spartalis v New York State Bd. for Professional Med. Conduct*, 205 AD2d 940, 941-942, *lv denied* 84 NY2d 807). The ARB was not required to accept petitioner's exculpatory explanations and could therefore have rationally concluded that he attempted to obtain a license fraudulently within the meaning of Education Law § 6530 (1).

We believe, however, that under all of the circumstances, the penalty of revocation is grossly incommensurate with the offense. The underlying conduct neither reflects upon petitioner's competence as a practicing physician nor suggests abuse of his license for any personal aggrandizement. Evidence as to petitioner's medical competency and dedication was uncontroverted. Six physicians, including a member of respondent Bureau of Medical Conduct, attested to petitioner's dedication and ability. He fully complied with and successfully completed the probationary term imposed as a result of the prior disciplinary matter. Depriving petitioner of his license would also deprive the public of the services of a skilled practitioner. While ultimately "each case must be judged on its own peculiar facts and circumstances" (*Matter of Bezar v DeBuono*, 240 AD2d 978, 979), we are in no way precluded from utilizing our prior determinations, and the rationales therefor, as guideposts where appropriate. In *Matter of Sarfo v DeBuono* (235 AD2d 938), we nullified a penalty of revocation for admitted misrepresentations on an application based, in part, upon the absence of any evidence that the claimed misconduct related to the physician's competency to practice medicine. We conclude that a similar modification is warranted upon the facts herein.

Crew III, Yesawich Jr., Spain and Graffeo, JJ., concur.

Adjudged that the determination is modified, without costs, by annulling so much thereof as imposed a penalty of revocation; matter remitted to respondent Administrative Review Board for Professional Medical Conduct for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.