■ In the Matter of PAUL J. STECKMEYER, Petitioner, v STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT et al., Respondents. [744 NYS2d 82] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical

Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner, an ophthalmologist, was charged by the Bureau of Professional Medical Conduct (hereinafter BPMC) with practicing his profession with gross negligence, gross incompetence, negligence on more than one occasion and incompetence on more than one occasion, providing excessive treatment to his patients, engaging in fraudulent practice and engaging in conduct evidencing a moral unfitness to practice medicine. The charges stemmed from petitioner's care and treatment of nine patients over the course of several years. Specifically, BPMC alleged that petitioner failed to order certain diagnostic tests in a timely fashion and either performed an excessive number of medical procedures upon such patients or performed the procedures without adequate medical justification.

Following a disciplinary hearing before a Hearing Committee of respondent State Board for Professional Medical Conduct (hereinafter the Committee), the Committee sustained the bulk of the specifications sounding in gross negligence, negligence on more than one occasion, excessive treatment, fraud and moral unfitness. As to penalty, the Committee revoked petitioner's license to practice medicine and imposed a fine of $156,000. Upon review, respondent Administrative Review Board for Professional Medical Conduct (hereinafter the ARB) affirmed the Committee's decision, but modified the fine imposed to $150,000. Petitioner subsequently commenced this proceeding seeking to annul the ARB's determination.

Initially, we reject petitioner's contention that the underlying statement of charges was insufficient to provide adequate notice of the misconduct alleged with regard to those specifications charging fraud and moral unfitness. To be sure, Public Health Law § 230 (10) (b) requires that a statement of charges set forth the substance of the professional misconduct alleged, and it is clear that this pleading requirement is designed to ensure that the accused is afforded fair notice of the charges against him or her, thereby enabling him or her to prepare an adequate defense (*see, Matter of Block v Ambach*, 73 NY2d 323, 332; *Matter of Chua v Chassin*, 215 AD2d 953, 956, *lv denied* 86 NY2d 708). It is equally clear, however, that the statement of charges need not identify each element of the misconduct charged (*see, Matter of Amarnick v Sobol*, 173 AD2d 914, 915). Rather, "the charges need only be reasonably specific, in light of all the relevant circumstances, to apprise the party whose rights are being determined of the charges against him" (*Matter of Block v Ambach, supra* at 333).

Here, petitioner does not contend that the alleged lack of specificity in the statement of charges deprived him of the opportunity to prepare a defense as to the fraud specifications; instead, he argues that the failure to set forth the precise misrepresentation allegedly made to his patients or the material fact allegedly concealed from them is fatal to such specifications. We cannot agree. As noted previously, BPMC was not required to allege each essential element of the fraud claim (*see, Matter of Amarnick v Sobol, supra*) and, in our view, the factual allegations that petitioner performed either excessive medical procedures or particular procedures without adequate medical justification were more than sufficient to place petitioner on notice that it was being alleged that he practiced the profession fraudulently. We reach a similar conclusion regarding the sufficiency of the specifications charging that petitioner engaged in conduct evidencing a moral unfitness to practice medicine. Accordingly, petitioner's challenge to the sufficiency of the statement of charges is unavailing.

Equally unpersuasive is petitioner's assertion that the testimony offered by BPMC's respective experts was insufficient to establish the sustained charges. Contrary to petitioner's claim, Edward Stroh, the ophthalmologist and retina specialist testifying on behalf of BPMC, indeed testified that petitioner deviated from the accepted standard of medical care with respect to the relevant patients, and such testimony, coupled with that offered by G. Stewart Ray, a board-certified ophthalmologist specializing in retinal care, was more than adequate to demonstrate that petitioner was guilty of practicing with gross negligence and negligence on more than one occasion and, further, of rendering excessive treatments to his patients. To the extent that petitioner and his experts provided testimony to the contrary, this conflict in the evidence presented factual and credibility issues for the Committee and the ARB to resolve (*see, Matter of Chua v Chassin, supra* at 955). Ultimately, we cannot say that the ARB's determination in this regard is arbitrary, capricious or affected by an error of law or that it constitutes an abuse of discretion (*see, Matter of Katz v Novello*, 292 AD2d 652, 655) and, as such, it will not be disturbed.

We reach a similar conclusion with regard to the charges of fraud and moral unfitness. Although a determination that a physician is guilty of fraud requires proof of either an intentional misrepresentation or concealment of a known fact (*see, id.* at 654-655), the intent or knowledge element may be inferred from the surrounding circumstances (*see, Matter of*

*Hachamovitch v State Bd. for Professional Med. Conduct*, 206 AD2d 637, 638, *lv denied* 84 NY2d 809; *Matter of Berger v Board of Regents of State of N.Y.*, 178 AD2d 748, 751, *appeal dismissed* 79 NY2d 977, *lv denied* 80 NY2d 918, *cert denied* 507 US 1018). Here, both the Committee and the ARB found that petitioner subjected the relevant patients to multiple procedures without adequate medical justification and/or diagnostic testing or monitoring, and the record is more than adequate to support such findings. In our view, given the documented pattern of unwarranted procedures, it was entirely reasonable for both the Committee and the ARB to infer that petitioner engaged in fraudulent practice by exposing his patients to unnecessary and/or excessive medical treatments. Likewise, we see no basis upon which to disturb the findings relative to the moral unfitness charges.

As a final matter, in view of the numerous sustained specifications of misconduct stemming from petitioner's care of multiple patients over the course of several years, we are not inclined to disturb the modified penalty imposed by the ARB. Simply stated, neither revocation of petitioner's license nor the monetary fine imposed shocks the conscience of this Court under the circumstances present here. Accordingly, the ARB's determination is in all respects confirmed.

Cardona, P.J., Mercure, Spain and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.