■ In the Matter of DEAN C. MITCHELL, Petitioner, v ADMINISTRATIVE REVIEW BOARD OF THE STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. [755 NYS2d 477] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent which, inter alia, suspended petitioner's license to practice medicine in New York for two years.

Petitioner, a board-certified allergist and immunologist, was charged with numerous specifications of misconduct stemming from his care and treatment of patients A through G between 1994 and 1998. Specifically, petitioner was charged with gross negligence, gross incompetence, negligence on more than one occasion, incompetence on more than one occasion, fraudulent practice and moral unfitness to practice medicine. The charges purportedly had their genesis in an investigatory file compiled by and later subpoenaed from Empire Blue Cross/Blue Shield, which had initiated a prepayment review of insurance claims submitted by petitioner.

Following extensive hearings and deliberations, a Hearing Committee of the State Board for Professional Medical Conduct sustained only the charge of practicing with negligence on more than one occasion finding, inter alia, that petitioner failed to perform adequate physical examinations and/or conduct periodic reviews with respect to certain patients. Upon administrative appeal, respondent affirmed the Hearing Committee's finding that petitioner practiced with negligence on more than one occasion and sustained the additional charges of fraudulent practice and moral unfitness to practice medicine based upon petitioner's billing practices for immunotherapy injections. As to penalty, respondent suspended petitioner's license to practice for 24 months, stayed 18 months of said suspension (during which time petitioner would be on probation) and fined petitioner $40,000. Petitioner thereafter commenced this proceeding seeking to annul respondent's determination.

Petitioner initially contends that the prepayment review undertaken by Empire Blue Cross/Blue Shield triggered the subsequent investigation and charges initiated by the Bureau of Professional Medical Conduct (hereinafter BPMC) and that such action, in turn, constitutes a violation of his due process rights. We cannot agree. As a starting point, even a cursory review of the record reveals that petitioner received adequate notice of the charges against him and a meaningful opportunity to be heard thereon (*see generally Matter of Smith v Board of*

*Educ., Onteora Cent. School Dist.*, 221 AD2d 755, 757, *lv denied* 87 NY2d 810); petitioner, therefore, received all the due process to which he was entitled. Moreover, even assuming that Empire Blue Cross/Blue Shield indeed was the entity responsible for piquing BPMC's interest in this matter, petitioner has failed to demonstrate how any communications that may have occurred between Empire Blue Cross/Blue Shield and BPMC resulted in bias or constituted a breach of any duty owed to petitioner. BPMC has a statutory obligation to conduct a preliminary review of any misconduct brought to its attention (*see* Public Health Law § 230 [10] [a]), and the record fails to disclose any improprieties with regard to the investigation and review of the matter before us.

Petitioner next contends that respondent's determination with regard to the fraud charge must be set aside as the record fails to support a finding that his admitted billing errors, wherein he utilized a billing code for two or more immunotherapy injections when in fact only one injection had been administered, constituted an intentional, deliberate or knowing misrepresentation of a material fact (*see Matter of Katz v Novello*, 292 AD2d 652, 654, *lv denied* 98 NY2d 613). Again, we cannot agree. Fraudulent intent may be inferred from the surrounding circumstances (*see Matter of Steckmeyer v State Bd. for Professional Med. Conduct*, 295 AD2d 815, 817). Setting aside petitioner's self-serving explanations for his conduct, which respondent was not required to credit, the record nonetheless makes clear that petitioner submitted bills for nonexistent immunotherapy injections with respect to patients C, E, F and G until confronted by a representative of Empire Blue Cross/Blue Shield, following which he continued to use the incorrect billing code when submitting claims to another insurance carrier. In our view, such conduct was more than sufficient to sustain the charge of fraudulent practice and moral unfitness to practice medicine.

We reach a similar conclusion with regard to the finding that petitioner practiced with negligence on more than one occasion. Contrary to petitioner's assertion, respondent did not sustain this charge based upon "negligent billing" or "negligent recordkeeping" but, rather, upon petitioner's demonstrated failure to perform adequate physical examinations or conduct periodic reviews with respect to the specified patients. As we cannot say that respondent's determination with regard to the sustained charges was arbitrary and capricious, affected by an error of law or an abuse of discretion (*see Matter of Gottesman v New York State Dept. of Health*, 229 AD2d 742, 743), it must

be confirmed. Petitioner's remaining contentions, including his assertion that the penalty imposed was excessive, have been examined and found to be lacking in merit.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.