JORGE M. PARDO, Petitioner, v ANTONIO C. NOVELLO, as Commissioner of Health, et al., Respondents. [768 NYS2d 396]—

Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Hearing Committee of respondent State Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner was charged by the Bureau of Professional Medical Conduct with 12 specifications of professional misconduct, including gross negligence, negligence on more than one occasion, gross incompetence, incompetence on more than one occasion, fraud in the practice of medicine, moral unfitness, willfully making and filing a false report and the failure to maintain records. The charges stemmed from petitioner's treatment of four patients and allegations that petitioner made fraudulent representations on various reappointment applications. Prior to a hearing, charges of negligence on more than one occasion and incompetence on more than one occasion were withdrawn with

regard to one of the patients. Following a hearing, a Hearing Committee of respondent State Board for Professional Medical Conduct sustained all of the charges except one charge of gross negligence and three charges of gross incompetence. The Committee ordered petitioner's license revoked and, as a consequence, petitioner commenced this CPLR article 78 proceeding seeking to annul the determination.

Initially, we note that our inquiry here is limited to whether the Committee's determination is supported by substantial evidence (see Matter of Tames v DeBuono, 257 AD2d 784 [1999]). In that regard, credibility issues are to be determined by the Committee, and we will defer to its resolution of such issues when determining whether substantial evidence exists (see e.g. Matter of Richstone v Novello, 284 AD2d 737 [2001]).

The record makes plain that the Committee found the testimony of the Bureau's expert to be more credible than that of petitioner's expert, and the Committee took great pains to explain why, noting that while the credentials of petitioner's expert were very impressive, his testimony was too guarded. As the Committee observed, petitioner's expert "was put in a very difficult situation of defending conduct which he knew was marginal or outright lacking. In many instances he had to agree on cross-examination that the care [in question] was substandard." Given that determination, we find ample record evidence to support the Committee's determination. Likewise, the documentary evidence introduced at the hearing amply supports the Committee's finding of fraud.

Petitioner next contends that the Committee's use of the disjunctive "and/or" in its conclusions of law sustaining eight specifications of misconduct violates his right to due process. We disagree. The use of such a disjunctive does not render a determination uncertain or equivocal (see Matter of Orens v Novello, 307 AD2d 392 [2003], appeal dismissed 100 NY2d 614 [2003]). Nor do we find merit to petitioner's contention that he was deprived of equal protection of the law based upon his assertion that other medical personnel were guilty of substandard care regarding the patients in question, but were not subject to disciplinary proceedings.

With regard to petitioner's claim that the Committee was biased against him, we need note only that his assertion is unsupported by any factual demonstration, and the mere allegation of bias is insufficient to set aside the determination (see Matter of Sunnen v Administrative Review Bd. for Professional Med. Conduct, 244 AD2d 790, 791 [1997]). We have considered petitioner's remaining contentions and find them to be equally without merit.

Cardona, P.J., Peters, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.