■ In the Matter of WALESKA TULIER-PASTEWSKI, Petitioner, v STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. [787 NYS2d 191]—

Rose, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which, inter alia, imposed a permanent restriction on petitioner's license to practice medicine in New York.

Petitioner, a physician licensed to practice medicine in New York since 1994, was charged by the Bureau of Professional Medical Conduct with 11 specifications of misconduct. Following a hearing and administrative review, the Administrative Review Board for Professional Medical Conduct (hereinafter ARB) sustained findings of practicing medicine negligently on more than one occasion and fraudulent practice, and, among other things, permanently limited petitioner's license to practice medicine in New York to a government-operated, facility-based practice. Petitioner then commenced this proceeding challenging the ARB's determination

In reviewing a determination of the ARB, we are limited to ascertaining whether it has a rational basis and is factually supported (*see Matter of Harris v Novello*, 276 AD2d 848, 849 [2000]). A finding of negligence on more than one occasion will meet this standard if the evidence shows that the physician repeatedly " 'failed to exercise the care that a reasonably prudent physician would exercise under the circumstances' " (*Matter of Gonzalez v New York State Dept. of Health*, 232 AD2d 886, 889 [1996], *lv denied* 90 NY2d 801 [1997], quoting *Matter of Bogdan v New York State Bd. for Professional Med. Conduct*, 195 AD2d 86, 88 [1993], *appeal dismissed and lv denied* 83 NY2d 901 [1994]). In making this inquiry we will not decide credibility issues, as these are solely within the province of the administrative factfinder (*see Matter of Bottros v DeBuono*, 256 AD2d 1034, 1036 [1998]).

Initially, we find no basis to annul the ARB determination that petitioner negligently discharged patient A without first conducting a physical examination. This finding was based on the testimony of two hospital administrators and undisputed proof that petitioner recorded that patient A was alert during the purported examination when the patient was actually sedated and asleep. As to patients C, E and F, the evidence indicates that petitioner failed to properly document their medi-

cal histories and current physical status. As to patient C, petitioner also failed to document her treatment plan and prescribed a contraindicated medication. As to patient E, petitioner failed to note pertinent cardiac conditions, such as the type and degree of chest pain. As to patient F, petitioner failed to describe the patient's prior cardiac surgery and current cardiac status, and ordered specialty consultations not warranted by the patient's condition.

Petitioner contends that evidence of failure to document will not support findings of negligence because there was no expert testimony that her omissions actually caused, or created a risk of, harm to a patient. Here, however, an expert witness testified that the missing information as to patients C and E was needed for proper assessment of patient condition and choice of treatment. This testimony, together with the obvious importance of cardiac information when treating patients with chest pain, provides a rational basis for the ARB's conclusion that petitioner's deficient medical record keeping could have affected patient treatment (see Matter of Youssef v State Bd. for Professional Med. Conduct, 6 AD3d 824, 825 [2004]).

As to the remaining specification of fraudulent practice, the ARB was free to credit the testimony of hospital personnel that petitioner resigned after being warned of disciplinary action and reject petitioner's claim that she omitted the resignation from her New York registration application because she had resigned for other reasons (see e.g. Matter of Katz v Novello, 292 AD2d 652, 654-655 [2002], lv denied 98 NY2d 613 [2002]).

Finally, in view of the ARB's findings that petitioner's poor communication skills and the stress of conducting a private practice while also working at more than one hospital affected her ability to practice, the restriction on petitioner's license is within its authority and does not strike us as being a shockingly disproportionate penalty.

Peters, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.