■ In the Matter of LLOYD R. SOOKHU, Petitioner, v COMMISSIONER OF HEALTH OF STATE OF NEW YORK, Respondent. [820 NYS2d 146]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Hearing Committee of the State Board for Professional Medical Conduct which, inter alia, suspended petitioner's license to practice medicine in New York for one year.

In an amended statement of charges, the Bureau of Professional Medical Conduct (hereinafter the BPMC) charged petitioner, a physician licensed to practice in New York, with failing to maintain records, filing a false report and the fraudulent practice of medicine. The charges stem from an allegation that petitioner documented his examination of a patient (hereinafter patient A) when, in fact, he did not perform a complete examination on the patient. Following an evidentiary hearing, the Hearing Committee of the State Board for Professional Medical Conduct sustained all the charges upon its finding that petitioner knew that he did not perform a complete medical examination on patient A but intentionally indicated in the medical records that he had done so. As a result, the Hearing Committee suspended petitioner's license to practice medicine for one year, placed him on probation for three years, ordered that a monitor review his medical records and required petitioner to complete continuing medical education courses and practice in a supervised setting for three years. Thereafter, petitioner commenced this CPLR article 78 proceeding, seeking annulment of that determination.

We begin with petitioner's claim that prejudicial errors deprived him of his right to a fair hearing and rendered the Hearing Committee's determination unsupported by substantial evidence. Specifically, petitioner claims that hearsay was improperly received at the hearing, that he was prejudiced by the failure of patient A to testify and was prevented from cross-examining BPMC's witnesses concerning their motivation for testifying.

We disagree. Initially, we note that the Hearing Committee is not bound by the rules of evidence (see Public Health Law § 230 [10] [f]; Matter of St. Lucia v Novello, 284 AD2d 591, 593 [2001]) and, in fact, "hearsay evidence, if sufficiently believable, rele-

vant and probative, may constitute substantial evidence" of misconduct (*Matter of Tsakonas v Dowling*, 227 AD2d 729, 730 [1996], *lv denied* 88 NY2d 812 [1996]; *see Matter of Gray v Adduci*, 73 NY2d 741, 742 [1988]). In our view, the hearsay at issue—and, in particular, the statements concerning petitioner's admissions of wrongdoing—was not so inherently unreliable as to preclude its admissibility.

As to petitioner's claim that he was prejudiced by the absence of direct testimony from patient A, that contention is undermined by his own failure to subpoena that patient, which he was authorized to do (*see* Public Health Law § 230 [10] [c] [4]; *Matter of Gray v Adduci, supra* at 743; *see also* State Administrative Procedure Act § 304 [2]). Nonetheless, patient A's absence appears justified by his failing health and, moreover, we view any possible prejudice to have been ameliorated by the fact that, in his arguments before the Hearing Committee, petitioner repeatedly highlighted BPMC's failure to call patient A. Additionally, petitioner's claim that his "limited right to cross-examine" (*Matter of Gordon v Brown*, 84 NY2d 574, 578 [1994]; *see Matter of Yoonessi v State Bd. for Professional Med. Conduct*, 2 AD3d 1070, 1072 [2003], *lv denied* 3 NY3d 607 [2004]) was impermissibly curtailed is not supported by this record, which reveals that petitioner was afforded wide latitude in questioning BPMC's witnesses concerning their possible bias.

In light of our conclusions concerning the above claims of error, we turn to the question of whether the Hearing Committee's determination is supported by substantial evidence (*see generally Pardo v Novello*, 2 AD3d 991, 992 [2003]; *Matter of Tames v DeBuono*, 257 AD2d 784, 784 [1999]; *compare Matter of Maglione v New York State Dept. of Health*, 9 AD3d 522, 524 [2004]). Putting aside all questions of credibility, which are within the exclusive province of the Hearing Committee (*see Matter of Youssef v State Bd. for Professional Med. Conduct*, 6 AD3d 824, 825 [2004]), there is ample evidence establishing that petitioner failed to fully examine patient A but made notations in his chart indicating to the contrary.

Finally, with respect to the question of the penalty imposed, we first observe that the appropriate inquiry is whether the severity of the punishment "is so disproportionate to the offense that it shocks one's sense of fairness" (*Matter of Novendstern v Administrative Review Bd. of State Bd. for Professional Med. Conduct*, 15 AD3d 701, 702 [2005]; *see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]). Given the evidence presented and the fact that his

misconduct concerned fraudulent behavior, we cannot conclude that the penalty here was unwarranted (*see Matter of Youssef v State Bd. for Professional Med. Conduct, supra* at 826-827; *compare Matter of Gant v Novello*, 302 AD2d 690, 695-696 [2003], *lv denied* 100 NY2d 502 [2003]).

Mercure, Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.