■ In the Matter of DONALD FORESTER, Petitioner, v STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. [828 NYS2d 644]—

Crew III, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Hearing Committee of respondent which revoked petitioner's license to practice medicine in New York.

Petitioner, a physician specializing in emergency medicine, was charged by the Bureau of Professional Medical Conduct (hereinafter BPMC) with practicing medicine with gross negligence, gross incompetence, negligence on more than one occasion, incompetence on more than one occasion and failure to maintain records in connection with the emergency room treatment of four specified patients. Petitioner was suspended from the practice of medicine pending a hearing on those charges. Following such hearing, a Hearing Committee of respondent sustained all charges against petitioner, except for two specifications of failure to maintain a patient record, and revoked petitioner's license. Petitioner then commenced this CPLR article 78 proceeding in this Court challenging the Hearing Committee's determination.

At the hearing, Mark Silberman testified as an expert witness on behalf of BPMC. The record reflects that Silberman is board certified in emergency medicine, critical care medicine, pulmonary medicine and internal medicine. Petitioner did not produce an expert witness but did testify on his own behalf. The Hearing Committee found Silberman's testimony to be "convincing and highly credible," while petitioner was found to be evasive, lacking in candor and possessing either a selective or faulty memory.

It is axiomatic that matters of credibility and the weight to be accorded an expert's testimony is solely within the province of the Hearing Committee (see Matter of Sookhu v Commissioner of Health of State of N.Y., 31 AD3d 1012, 1014 [2006]; Matter of Clarke v New York State Bd. for Professional Med. Conduct, 3 AD3d 798, 799 [2004], lv denied 2 NY3d 704 [2004]). Based upon our review of the record as a whole, and in light of the Hearing Committee's findings, we are satisfied that the determination here is amply supported by substantial evidence (see Matter of Youssef v State Bd. for Professional Med. Conduct, 6 AD3d 824, 825 [2004]).

We also find no merit to petitioner's claim that this matter represented an impermissible rush to judgment and that the proceeding was fundamentally unfair. Initially, it must be noted

that this matter constituted an expedited proceeding strictly governed by the provisions of Public Health Law § 230 (12) (a). That section provides that where, as here, a proceeding is commenced by a summary suspension, the hearing must be commenced within 10 days of the date of service of the suspension order and completed within 90 days of the service of such order.

The statement of charges and suspension order were served upon petitioner one week before the prehearing conference and advised petitioner of the hearing date, recommended that petitioner retain counsel and stated that adjournment requests were not routinely granted and must be submitted in writing. In spite of that, petitioner did not attend the prehearing conference, but an attorney ostensibly appeared on his behalf, who advised the Administrative Law Judge (hereinafter ALJ) that she was discussing with petitioner the possibility of representing him but had not yet been retained. Apparently, the attorney orally requested an adjournment and was advised that such request could not be granted in light of the fact that the statute required that the hearing commence within five days of the prehearing conference.

On the date of the hearing, petitioner appeared without counsel and advised that he was representing himself. The record clearly reflects that during the hearing on that day, the ALJ was extremely solicitous of petitioner, making objections on his behalf and instructing petitioner as to how he should question BPMC's expert during cross-examination. The record further reflects that petitioner thereafter retained counsel, who appeared on his behalf on the subsequently scheduled hearing dates.

Petitioner also claims that the hearing was fundamentally unfair because the ALJ erroneously permitted cross-examination regarding petitioner's credentials and that a certain exhibit was erroneously admitted into evidence. We disagree. Assuming, without deciding, that the complained of conduct constituted error, such error does not warrant annulment unless it can be said that the error renders the entire proceeding fundamentally unfair (*see Matter of Kole v New York State Educ. Dept.*, 291 AD2d 683, 686-687 [2002]). Such clearly is not the case here. We have considered petitioner's remaining contentions and find them equally without merit.

Peters, Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.