■ In the Matter of MARTIN O. KOSICH, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [854 NYS2d 551]—

Kane, J.

The Bureau of Professional Medical Conduct charged petitioner, a physician practicing in Greene County, with 20 specifications of misconduct in relation to his treatment of nine patients. During the hearing before a Hearing Committee of respondent State Board for Professional Medical Conduct, respon-

dent Department of Health (hereinafter DOH) presented the expert testimony of Irene Snow as to petitioner's care of three patients. DOH then successfully moved to amend the specifications by withdrawing charges concerning three patients and adding a factual allegation that petitioner "inappropriately prescribed methadone" to four patients. The Administrative Law Judge (hereinafter ALJ) also granted DOH's request to add Bruce Maslack as an expert to testify regarding petitioner's treatment of those four patients. At the conclusion of DOH's case, petitioner represented that he would have a witness available the next day but could not state who that witness would be. The next day, which was Election Day, petitioner informed the ALJ and the Hearing Committee that he had no witnesses available due to the state holiday or for various, unenumerated reasons. He also did not have a witness available for the next scheduled date later that same week. After petitioner could not confirm when he would have a witness available, the ALJ closed the evidence, finding that the hearing dates were set nearly a month earlier, petitioner had adequate time to make witnesses available and the amendment of the specifications did not justify any delay in preparing or procuring witnesses.

The Hearing Committee sustained the charges of practicing medicine with negligence on more than one occasion and practicing medicine with incompetence on more than one occasion with respect to six patients, and dismissed the remaining charges. Based upon these findings, the Hearing Committee revoked petitioner's license to practice medicine. Both petitioner and DOH appealed to the Administrative Review Board for Professional Medical Conduct (hereinafter ARB). The ARB affirmed the Hearing Committee's determinations upholding charges, but additionally found that petitioner was guilty of the charges of gross negligence and gross incompetence as to one patient. The penalty of license revocation was upheld. Petitioner thereafter commenced this proceeding seeking to annul the ARB's determination, alleging a host of procedural and evidentiary errors. Finding none of those arguments persuasive, we confirm.

Petitioner was not deprived of his rights to a fair hearing and due process. The statement of charges was adequate because it set forth the substance and material facts of the alleged misconduct, so as to provide petitioner with fair notice of the charges and the ability to prepare a defense (see Public Health Law § 230 [10] [b]; Matter of Block v Ambach, 73 NY2d 323, 332 [1989]; Matter of Steckmeyer v State Bd. for Professional Med. Conduct, 295 AD2d 815, 816 [2002]; Matter of Chua v Chassin,

215 AD2d 953, 956 [1995], *lv denied* 86 NY2d 708 [1995]). Contrary to petitioner's assertions, in this administrative proceeding he was not entitled to all of the due process rights afforded a defendant in a criminal proceeding (*see Matter of Block v Ambach*, 73 NY2d at 332-333; *Matter of Steiner v DeBuono*, 239 AD2d 708, 710 [1997], *lv denied* 90 NY2d 808 [1997]).

The ALJ did not err in permitting DOH to amend its statement of charges while the hearing was pending because there was no substantial prejudice to petitioner (*see* 10 NYCRR 51.6; *Matter of Kole v New York State Educ. Dept.*, 291 AD2d 683, 685 [2002]; *Matter of Major v Board of Regents of Univ. of State of N.Y.*, 160 AD2d 1041, 1043 [1990], *lv denied* 76 NY2d 705 [1990]). The withdrawal of charges concerning three patients favored petitioner. The addition of a specification alleging inappropriately prescribing methadone was not a surprise, as the original charges included specifications alleging that he failed to appropriately manage the methadone or detoxification programs for the same four patients. Petitioner stated in his witness disclosure—which was submitted months prior to the amendment—that he intended to call an expert in addiction treatment, evidencing a lack of surprise and his ability to prepare for the additional specification. Based upon the similar nature of these added specifications, petitioner was not substantially prejudiced by the amendment of DOH's pleading (*see* 10 NYCRR 51.6).

The ALJ acted within his discretion in permitting DOH to present testimony of a second expert (*see* 10 NYCRR 51.8 [b] [2], [3]). The Hearing Committee is not bound by traditional rules of evidence (*see* Public Health Law § 230 [10] [f]; *Matter of Sookhu v Commissioner of Health of State of N.Y.*, 31 AD3d 1012, 1013 [2006]). Parties in revocation proceedings have only a limited right to disclosure of, among other things, the names of witnesses to be called (*see* 10 NYCRR 51.8 [b] [1] [i]; *Matter of Singla v New York State Dept. of Health*, 229 AD2d 798, 800 [1996], *lv denied* 89 NY2d 809 [1997]). While petitioner contends that his defense was impaired by not having Maslack's name from the beginning, petitioner had approximately a month between the time that the ALJ granted DOH's motion to present Maslack and the first day that he testified. On the other hand, petitioner's witness list stated that he would call three experts, all of whom were to be determined; in fact, he never disclosed names of any experts. Under the circumstances, the ALJ acted within his discretion and petitioner was not prejudiced by the inclusion of this expert.

Similarly, the ALJ did not abuse his discretion in denying an

adjournment and closing the hearing when petitioner had no witnesses available on the previously-scheduled final day of the hearing (*see Matter of Singla v New York State Dept. of Health*, 229 AD2d at 800; *cf. Matter of Sunnen v Administrative Rev. Bd. for Professional Med. Conduct*, 244 AD2d 790, 792 [1997], *lv denied* 92 NY2d 802 [1998]). On the day before the final day, petitioner stated that he would have a witness present at the hearing the next day. Approximately one week prior to the final day, petitioner presented numerous subpoenas for witnesses, which the ALJ signed. Petitioner did not have a legitimate excuse as to why subpoenas were not presented at an earlier date. While he contended that the state holiday on Election Day interfered with some witnesses' attendance, petitioner disclosed a list of more than 40 potential witnesses months earlier. On the final day, he did not name any particular witness nor did he provide a specific reason why that witness was unavailable that day, or for the next scheduled hearing date later that week. Even on the final day, petitioner could not definitively state when his witnesses would be available to testify, only providing assurances that one witness would be available the following week. In this situation, the ALJ acted appropriately in denying an adjournment.

Unlike the constitutional right to confrontation in criminal actions, parties in administrative proceedings have only a limited right to cross-examine adverse witnesses as a matter of due process (*see Matter of Gordon v Brown*, 84 NY2d 574, 578 [1994]; *Matter of Sookhu v Commissioner of Health of State of N.Y.*, 31 AD3d at 1014). Contrary to petitioner's contention, DOH never stipulated that petitioner could recall Snow to cross-examine her concerning reports of the patients she did not testify about. Petitioner's counsel extensively cross-examined Snow based upon her testimony and reports which addressed that testimony. We do not find that the ALJ abused his discretion in limiting petitioner's cross-examination of Snow on matters that were not relevant to her testimony and upon which petitioner could and did cross-examine Maslack, who testified about those patients (*see Matter of Friedel v Board of Regents of Univ. of State of N.Y.*, 296 NY 347, 352-353 [1947], *remittitur amended* 297 NY 585 [1947]; *Matter of Yoonessi v State Bd. for Professional Med. Conduct*, 2 AD3d 1070, 1072 [2003], *lv denied* 3 NY3d 607 [2004]). This finding is especially appropriate considering that DOH attempted to withdraw Snow's reports that did not concern her testimony, but petitioner refused to agree to the withdrawal.

Petitioner received a fair hearing despite the absence of some

panel members from portions of the hearing. Substitution of a new Hearing Committee member was appropriate when one member withdrew for personal reasons (*see* Public Health Law § 230 [10] [f]). The new member and another member who missed portions of the hearing submitted affidavits averring that they read the transcripts of any missed testimony, permitting them to make an informed decision (*see* Public Health Law § 230 [10] [f]; *Matter of Shafer v Board of Regents of State of N.Y.*, 243 AD2d 838, 839 [1997], *cert denied* 525 US 948 [1998]; *Matter of Laverne v Sobol*, 149 AD2d 758, 761 [1989], *lv denied* 74 NY2d 610 [1989]).

Regarding the merits, we may only disturb the ARB's determination if it was arbitrary, capricious, affected by an error of law or an abuse of discretion (*see Matter of Steckmeyer v State Bd. for Professional Med. Conduct*, 295 AD2d at 817; *Matter of Bottros v DeBuono*, 256 AD2d 1034, 1035-1036 [1998]). "In other words, the ARB's decision must have a rational basis and be factually supported" (*Matter of Buckner v State Bd. for Professional Med. Conduct*, 7 AD3d 840, 841 [2004] [citations omitted]; *see Matter of Tulier-Pastewski v State Bd. for Professional Med. Conduct*, 13 AD3d 918, 919 [2004]). Credibility determinations, including concerning the weight and qualifications of expert witnesses, are matters solely within the province of the administrative factfinder (*see Matter of Forester v State Bd. for Professional Med. Conduct*, 36 AD3d 1127, 1128 [2007], *lv denied* 8 NY3d 812 [2007]; *Matter of Tulier-Pastewski v State Bd. for Professional Med. Conduct*, 13 AD3d at 919; *Matter of Cohen v Mills*, 271 AD2d 826, 827 [2000]). The Hearing Committee properly drew an adverse inference against petitioner due to his failure to testify, even if his silence was predicated upon his 5th Amendment privilege against self-incrimination due to fear of prosecution related to the death of one of his patients (*see Matter of Steiner v DeBuono*, 239 AD2d at 710-711). Considering DOH's presentation of petitioner's medical records and testimony of two expert witnesses who were found "qualified and credible," without any evidence presented on petitioner's behalf, we will not disturb the ARB's determination.

The record does not support petitioner's allegations that the ALJ was biased or acted improperly (*see* 10 NYCRR 51.17 [a]; *Matter of Maglione v New York State Dept. of Health*, 9 AD3d 522, 523 [2004]; *Matter of Goldsmith v DeBuono*, 245 AD2d 627, 631 [1997]). We have reviewed petitioner's remaining contentions and found them unpersuasive.

Cardona, P.J., Carpinello, Lahtinen and Kavanagh, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.