■ In the Matter of MARGARET DILLIN, Respondent-Appellant, v WATERFRONT COMMISSION OF NEW YORK HARBOR, Appellant-Respondent. [990 NYS2d 170]—

Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered August 21, 2013, which granted the petition to the extent of annulling the determination of the Waterfront Commission of New York Harbor (Commission) revoking petitioner's longshoreman's registration, effective December 18, 2012, and remanded to the Commission for further proceedings before a different administrative law judge and a new determination consistent with the terms of the court's decision, unanimously reversed, on the law, without costs, the order and judgment vacated, the petition treated as one transferred to this court for de novo review, and, upon such review, the determination of the Commission confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 dismissed.

Since the petition raises an issue of substantial evidence, in the absence of "other objections as could terminate the proceeding" (CPLR 7804 [g]), "the proceeding should have been transferred to this Court pursuant to CPLR 7804 (g)" (*Matter of Cruz v New York City Hous. Auth.*, 106 AD3d 631, 631 [1st Dept 2013]).

The finding that petitioner violated a prohibition against association with an identified member of an organized crime family is supported by substantial evidence. This prohibition was imposed by, inter alia, a federal court order (*United States v Local 1804-1*, 2003 WL 221851, 2003 US Dist LEXIS 1229 [SD NY, Jan. 30, 2003, No. 90-Civ-0963 (JSM)], *affd* 77 Fed Appx 542 [2d Cir 2003]), pursuant to a provision of the Waterfront and Airport Commission Act (WCA) (McKinney's Uncons Laws of NY § 9801 *et seq.* [L 1953, ch 882]) prohibiting such association under circumstances rendering a person's continued participation in any activities requiring registration pursuant to the WCA to be "inimical to the policies of" the WCA (Uncons Laws § 9913 [6]). The policies of the WCA include countering organized crime and corruption which have been found to be endemic in waterfront labor practices (*see generally Matter of CC Lbr. Co. v Waterfront Commn. of N.Y. Harbor*, 31 NY2d 350, 358 [1972]; Uncons Laws § 9802).

In this case, there was testimony that petitioner attended two parties that were also attended by an associate of an organized crime group. The parties were hosted by the crime associate's son, who invited petitioner (*see Matter of Beneky v Waterfront Commn. of N.Y. Harbor*, 42 NY2d 920, 921 [1977], *cert denied* 434 US 940 [1977]). There was sufficient evidence to refute petitioner's claim that her attendance at the same parties as the person in question was accidental or inadvertent. Petitioner also admitted to making remarks to coworkers about being "best friends" with this person and "hanging out" with him, and insofar as petitioner suggested that she was not serious about such remarks, the ALJ was not required to credit her testimony (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]).

When a court finds an agency's determination to be supported by substantial evidence, the court should not upset the penalty imposed unless it is "so disproportionate to the offense . . . as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974] [internal quotation marks omitted]). Here, we find that the penalty of revocation of petitioner's registration does not shock one's sense of fairness. By associating with individuals with connections to organized crime and boasting about such associations to other longshoremen, petitioner engaged in conduct which potentially undermines the Commission's continuing efforts to ensure public safety by reducing corruption on the waterfront.

Additionally, petitioner does not have a perfect record (*contra Matter of McDougall v Scoppetta*, 76 AD3d 338, 342-343 [2d Dept 2010] [dismissal of firefighter for an isolated incident, where he had an otherwise unblemished record, shocked one's sense of fairness]). Previously, petitioner was suspended by the Commission for 15 days for filing a false application for longshoreman registration. On her application, petitioner failed to disclose two arrests and falsely stated that she attended high school. Petitioner was also previously found guilty of theft by deception for continuing to receive food stamps after she had become ineligible. In light of petitioner's behavior in connection with the instant misconduct and on previous occasions, revocation of petitioner's registration does not shock our sense of fairness. Concur—Acosta, J.P., DeGrasse, Richter, Manzanet-Daniels and Feinman, JJ.