Matter of Ferdico v Waterfront Commn. of N.Y. Harbor (2019 NY Slip Op 01349)





Matter of Ferdico v Waterfront Commn. of N.Y. Harbor


2019 NY Slip Op 01349


Decided on February 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2019

Sweeny, J.P., Manzanet-Daniels, Webber, Oing, Singh, JJ.


8499 101199/17

[*1]In re Joseph Ferdico, Petitioner,
v
The Waterfront Commission of New York Harbor, Respondent.


Gerald J. McMahon, New York, for petitioner.
Phoebe S. Sorial, New York, for respondent.



Determination of respondent, dated August 14, 2017, which revoked petitioner's registration as a longshoreman, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Arlene P. Bluth, J.], entered November 13, 2017), dismissed, without costs.
Respondent's determination is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). The record, including petitioner's testimony during an article 4 interview, shows that petitioner associated with members of two organized crime families who had also been convicted of racketeering activity. The Administrative Law Judge (ALJ) noted petitioner's interview that he had worked for one of the two individuals from 1999 through 2006, had been to that individual's home, had his phone number, had spoken with him a few months prior, and that the individual had his car serviced at the auto repair business where petitioner also worked. Concerning the second individual, petitioner stated in his interview that he knew him as the owner of a shop across the street from where petitioner worked and where the individual had his car serviced, that petitioner occasionally purchased cigars from the individual's store, and that the individual had petitioner's personal phone number and had called him on it previously. Such associations, which petitioner had previously failed to disclose, "potentially undermine[] [respondent's] continuing efforts to ensure public safety by reducing corruption on the waterfront" (Matter of Dillin v Waterfront Commn. of N.Y. Harbor, 119 AD3d 429, 430 [1st Dept 2014]).
Petitioner's due process rights were not violated when the ALJ applied an adverse inference against him for failing to testify during the administrative hearing (see Matter of Youssef v State Bd. for Professional Med. Conduct, 6 AD3d 824, 826 [3d Dept 2004]; Matter of Steiner v DeBuono, 239 AD2d 708, 710 [3d Dept 1997], lv denied 90 NY2d 808 [1997]). That petitioner testified during the investigation interview prior to the issuance of charges against him, does not render the adverse inference improper.
The penalty imposed does not shock our sense of fairness (see e.g. Dillin at 430; see also In re Pontoriero, 439 NJ Super 24, 44, 106 A3d 532, 544 [2015]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 26, 2019
CLERK