Matter of Riccobono v Waterfront Commn. of N.Y. Harbor (2019 NY Slip Op 03007)





Matter of Riccobono v Waterfront Commn. of N.Y. Harbor


2019 NY Slip Op 03007


Decided on April 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2019

Renwick, J.P., Gische, Webber, Singh, JJ.


9075 101315/17

[*1]In re John S. Riccobono, Petitioner,
v
The Waterfront Commission of New York Harbor, Respondent.


Gerald J. McMahon, New York, for petitioner.
Waterfront Commission of the New York Harbor, New York (Phoebe S. Sorial of counsel), for respondent.



Determination of respondent, dated September 19, 2017, which revoked petitioner's registration as a checker for the Waterfront Commission of New York Harbor, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Arlene P. Bluth, J.], entered on or about November 13, 2017), dismissed, without costs.
Substantial evidence supports respondent's determination to revoke petitioner's registration as a checker with the Waterfront Commission (see generally Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). The record, including petitioner's testimony during article 4 interviews, showed that petitioner had associations with five members of an organized crime family, which were inimical to agency policies and violated his sensitive position under the Waterfront Commission Act. His associations, which petitioner did not fully disclose, were shown to have spanned about a decade, and included petitioner's attendance at secret "crew dinners" at which members of a crime family discussed business (see Matter of Ferdico v Waterfront Commn. of N.Y. Harbor, 169 AD3d 579 [1st Dept 2019]).
Petitioner's due process rights were not violated when the Administrative Law Judge applied an adverse inference against him for failing to testify during the administrative hearing (Matter of Youssef v State Bd. for Professional Med. Conduct, 6 AD3d 824, 826 [3d Dept 2004]; Matter of Steiner v DeBuono, 239 AD2d 708, 710 [3d Dept 1997], lv denied 90 NY2d 808 [1997]).
The penalty of revoking petitioner's license does not shock our sense of fairness (see Ferdico, 169 AD3d at 579; Matter of
Dillin v Waterfront Commn. of N.Y. Harbor, 119 AD3d 429, 430 [1st Dept 2014]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2019
CLERK