Matter of Karol v New York City Off. of Admin. Trials & Hearings (2021 NY Slip Op 00017)





Matter of Karol v New York City Off. of Admin. Trials & Hearings


2021 NY Slip Op 00017


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Renwick, J.P., Gische, Kern, Oing, Mendez, JJ. 


Index No. 159706/19 Appeal No. 12762 Case No. 2020-02497 

[*1]In the Matter of Stanley Karol, Petitioner-Respondent,
v
New York City Office of Administrative Trials and Hearings, et al., Respondents-Appellants. Goddard Riverside Law Project, CHHAYA Community Development Corporation, Assembly Member Linda Rosenthal, Assembly Member Harvey Epstein, State Senator Elizabeth Kreuger, Council Member Justin Brannon, Council Member Benjamin Kallos, Assembly Member Deborah J. Glick, Assembly Member Richard Gottfried and Assembly Member Yuh-Line Niou, amici curiae.


James E. Johnson, Corporation Counsel, New York (Jamison Davies of counsel), for appellants.
Emery Celli Brinckerhoff Abady Ward & Maazel LLP, New York (Debra L. Greenberger of counsel), for respondent.
Goddard Riverside Law Project, New York (Daniel Evans of counsel), for Amici Curiae.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about May 12, 2020, which denied respondents' motion to dismiss the proceeding, and granted the petition to the extent of, among other things, annulling a determination of respondent New York City Environmental Control Board, dated June 6, 2019, which found that petitioner violated Administrative Code of the City of New York §§ 28-118.3.2 and 28-301.1, and New York City Building Code (Administrative Code, tit 28, ch 7) (BC) § 907.2.8, and granting declaratory relief, unanimously vacated, the petition treated as one transferred to this Court for de novo review, and upon such review, the challenged determination confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed, without costs.
Since the petition raises an issue of substantial evidence, in the absence of "other objections as could terminate the proceeding" (CPLR 7804[g]), "the proceeding should have been transferred to this Court pursuant to CPLR 7804(g)" (Matter of Dillin v Waterfront Commn. of N.Y. Harbor, 119 AD3d 429, 429 [1st Dept 2014] [internal quotation marks and citation omitted]).
The determination is supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-182 [1978]). The Environmental Control Board's application of statutory provisions to facts within the agency's area of expertise is entitled to deference (see Matter of West 58th St. Coalition, Inc. v City of New York, 188 AD3d 1, 8-9 [1st Dept 2020]). An inspector's testimony, which was generally corroborated by petitioner's admissions, established that petitioner was renting the basement level of his two-floor home to three transient residents for fewer than 30 days. Accordingly, the Board had a rational basis for finding that the building was being used for purposes other than as a one- or two-family dwelling (BC 310.2), contrary to the property's Group R-3 classification (BC 310.1.3) and the process for making any change to a building or portion thereof that would bring it under any laws or rules (Administrative Code § 28-118.3.2). Moreover, "the residential occupancy of the [property] at issue for periods shorter than 30 days triggered the fire safety requirements applicable to Group R-1" (Matter of 42/9 Residential LLC v New York City Envtl. Control Bd., 165 AD3d 541, 542 [1st Dept 2018], lv denied 33 NY3d 912 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021